United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Teresa Viamontes, Plaintiff, )<br>)<br>v.    )<br>)<br>Scottsdale Insurance Company, )<br>Defendant. ) | Civil Action No. 20-22532-Civ-Scola |

### Order Granting Motion to Dismiss

This matter is before the Court upon Defendant Scottsdale Insurance Company's motion to dismiss the complaint. (Def.'s Mot., ECF No. 3.) Plaintiff Teresa Viamontes claims that the Defendant breached an insurance contract by failing to cover damages suffered on or about September 10, 2017, by a property located at 10632 SW 145th Avenue, Miami, FL 33186 (the "Property") owned by the Plaintiff. (Compl., ECF No. 1-1 at ¶¶ 8-9.) After the Plaintiff failed to respond to the motion to dismiss, the Court ordered a response, which was ultimately filed albeit belatedly. (Pl.'s Resp., ECF No. 10.) The Defendant did not file a reply and the time to do so has passed. After careful review of the record, briefing, and legal authorities, the Court **grants** the motion to dismiss (**ECF No. 3**).

**1. Background**

The Plaintiff owns the Property and maintains an insurance policy on the Property through the Defendant. (ECF No. 1-1 at ¶7.) On or about September 10, 2017, "the Property sustained a covered loss as a result of a [*sic*] Hurricane Irma." (*Id.* at ¶9.) The Defendant assigned a claim number to the loss and has not paid the full amount of damages that the Plaintiff sought in her claim. (*Id.* at ¶¶ 10-11.)

The Plaintiff filed her original complaint in state court on March 31, 2020. (Def.'s Not. of Removal, ECF No. 1.) The Defendant removed this case to federal court on June 19, 2020, on grounds of diversity jurisdiction, alleging diversity of citizenship and an amount in controversy in excess of $75,000. (*Id.*) The Notice of Removal was timely filed because it was filed within 30 days of the Plaintiff's June 11, 2020 settlement demand, which established that the amount in controversy satisfied the Court's jurisdictional threshold. (*Id.*)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

The Court finds that the complaint, which alleges a single count for breach of contract, is based on legal conclusions without adequate support to state a claim upon which relief can be granted. "[A] complaint must at bottom state a plausible material breach and notify defendant of the grounds on which it rests whether through factual allegations or citation to the contract." *Sanfelippo v. Cincinnati Ins. Co.*, No. 220CV527FTM38MRM, 2020 WL 5203531, at *1 (M.D. Fla. Sept. 1, 2020). Here, the complaint fails to provide sufficient factual allegations or citations to the Policy that would notify the Defendant of the grounds of its purported breach.

The Plaintiff alleges that the Property "suffered a covered loss" and that the Defendant breached an insurance policy by failing to pay for the damages. (ECF No. 1-1 at ¶9.) "While those allegations provide a basic sketch of virtually every imaginable . . . insurance claim, they do not provide sufficient

information to show that this Plaintiff was harmed by this Defendant whose action or inaction breached a particular term of their contract." *5650 N. Miami Ave. LLC v. Scottsdale Ins. Co.*, No. 20-21702-CIV, 2020 WL 3839809, at *2 (S.D. Fla. July 8, 2020) (Scola, J.). Other than alleging that the damages were "a result of a [*sic*] Hurricane Irma," the complaint provides the Defendant with no further notice as to the damages, their nature, or their cause. Did the hurricane bring a storm surge that caused flood damage? Did high speed winds break windows? Did rain seep through the roof? Or perhaps a downed powerline caused a fire. The complaint gives the Defendant no opportunity to determine whether the loss is covered by the Policy.

Next, "[i]t is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein Law Grp. v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015) (affirming dismissal of complaint that failed to allege breach with sufficient specificity); *see also Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1324 (S.D. Fla. 2020) (Singhal, J.) ("It follows that, to state a claim for breach of an express warranty, the plaintiff must first identify the express warranty that the defendant allegedly breached."). The seventeenth paragraph of the amended complaint is representative of its overall conclusory nature. In that paragraph, the Plaintiff alleges that as a result of the Defendant's refusal to "make any payment of insurance proceeds to the Plaintiff . . . the Defendant has breached the Policy." (ECF No. 1-1 at ¶17.) This gives the Defendant no notice as to which terms of the Policy were purportedly breached. *See Boca Raton Sailing v. Scottsdale Ins.*, No. 18-cv-81236, 2019 WL 7904805, at *2 (S.D. Fla. Mar. 18, 2019) (Middlebrooks, J.) (The "complaint must at least provide enough information regarding the disputed terms to give the opposing party reasonable notice of which provisions are being contested."). By failing to describe the factual basis of the damages claim, and by failing to identify the Policy provisions that the Defendant breached by not paying the Plaintiff's claim, the complaint presents nothing more than the sort of "the defendant-unlawfully-harmed-me accusation" that *Iqbal* prohibits. 556 U.S. at 678. The Defendant cannot be tasked with defending itself by guesswork against such a catchall allegation. *See Herssein Law Grp.*, 594 F. App'x at 608.

### 4. Conclusion

In sum, because the Plaintiff does not provide facts that support its legal conclusions, such as details regarding how the Property was damaged or how the Policy was breached, the complaint fails to rise above a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As such, the Court finds that the complaint fails to state a claim upon which relief

can be granted. Further, as the Plaintiff has not requested leave to amend, the Court dismisses the complaint without prejudice and without leave to amend. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.").

Accordingly, the Court **grants** the Defendant's motion to dismiss (**ECF No. 3**) and dismisses the complaint without prejudice and without leave to amend. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on October 8, 2020.

_____
Robert N. Scola, Jr.
United States District Judge